OPINION OF THE COURT
Sidney Rosen, J.
This case presents an unusual factual situation, but, no doubt, an everyday occurrence, for it is another indication of the lengths to which persons in desperate need of housing will go to obtain the same.
The facts are essentially undisputed. In 1980, Jorge Barcia, having left medical school and unemployed, sought to obtain *957 an apartment for himself and his wife, Miriam. Concerned that he might not be approved, he represented himself to Carol Management, petitioner’s predecessor, as Carlos Barcia and filled out the application for the apartment by using the Social Security number, place of employment, salary, bank account and address of Carlos, his brother. A lease to apartment 6A was thereafter executed by him on January 17, 1980 as Carlos Barcia and occupancy of the apartment by Jorge and Miriam Barcia has been continuous since then, although at the trial of this proceeding, it was noted that Jorge is presently separated and living apart from his wife, who now occupies the apartment with their infant son. Subsequent renewal leases have all been issued to Carlos Barcia and executed by Jorge who signed "Carlos Barcia”. Both Jorge and Miriam Barcia readily admitted the deception practiced by them.
Carlos Barcia, testifying on behalf of the respondents, admitted his participation in the scheme of misrepresentation, but stated that he never occupied the apartment and did not participate nor was he present at the negotiations leading up to the renting of the apartment. This testimony was corroborated by Carlos’ wife.
A doorman in the employ of the petitioner was called as a witness by the respondents. His testimony indicated that he knew Jorge and Miriam to be the tenants of apartment 6A and that he never saw Carlos at the premises.
Petitioner, having ascertained that the occupant of the apartment was Jorge Barcia, and not Carlos Barcia, instituted this holdover proceeding based upon an alleged assignment or sublease of the apartment by Carlos without the consent of the landlord.
The record presents no probative evidence of an unlawful subletting. Clearly, the lease agreement was entered into between Carol Management and Jorge Barcia. While the misrepresentation or deception enabled Jorge to obtain the lease, he was the party to whom it was issued, who was recognized as the tenant and who took possession of the apartment in question. Whether such conduct may entitle petitioner to relief in another forum for rescission does not impinge upon this court’s determination that there has not been an illegal subletting or assignment by Carlos Barcia.
In view of the conclusion arrived at by the court, it is not necessary to discuss the issues of waiver or laches raised in the answer of the respondents.
*958 The petition is accordingly dismissed as is the counterclaim for harassment interposed by the respondents.
The circumstances of this proceeding preclude the granting of attorney’s fees to the prevailing party. It would be an affront to condone the conduct of the respondents by awarding counsel fees to them. Furthermore, as stated in the often-cited case of Cier Indus. Co. v Hessen (NYLJ, Jan. 13, 1987, at 6, col 4 [App Term, 1st Dept]) in denying an award of attorney’s fees: "We think it was within the contemplation of the parties to reserve the attorney’s fee provision premise[d] upon the tenant’s failure to comply with a term of the lease, as opposed to those proceedings where the parties are, in essence, litigating their statutory rights under the Rent Stabilization Law and Code”.